BOARD OF COMMISSIONERS OF D COUNTY v. NICHOLAS SAUER *et al.*

(Filed Feb. 11, 1899.)

1. COUNTY WARRANT—*Validity—Presumption.* A county warrant, nothing appearing on its face to the contrary, is *prima facie* evidence of the validity of the claim for which it was issued. The presumption of law is that the warrant was issued for legitimate county purposes, and that it was not issued in contravention of the federal limitation.

2. INDEBTEDNESS — *Limitation — Defense.* Where an action is brought against a county by the holder of a county warrant, it is competent for the county to plead and prove as a defense to the action, that its indebtedness was in excess of the federal limit at the time the debt was created, or that the warrant in whole or part was issued for an illegal corporate purpose.

3. ILLEGAL WARRANT—*Defense—Error.* Where a county pleads as one of the defenses to an action, upon a county warrant, that such warrant was issued in part for an illegal purpose, it is error for the court to sustain a demurrer to the answer pleading such facts.
    (Syllabus by the Court.)

*Error from the District Court of D County; before John C. Tarsney, District Judge.*

*John F. Stone* and *George S. Green,* for plaintiff in error.

*E. M. Bamford,* for defendants in error.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of D county, by the defendant in error against the board of county commissioners of D county, to recover $238 with interest thereon, upon a county warrant issued by the county commissioners of said county, to J. T. Lemons, on July 30, 1892; said warrant being subsequently purchased by the plaintiff for value and in good faith.

The answer of the defendant to the plaintiff's petition contain the following averments: (1) Defendant admits all the material allegations of the plaintiff's petition not hereinafter denied. (2) Defendant alleges that the territorial board of equalization completed its labors for the year 1893, on the 26th day of July, 1893. That the assessment then and thereby completed, was the first assessment of said county ever made for the purposes of territorial and county taxation, and that the amount of such assessment was the sum of $80,473.30. That the warrant declared upon in said petition was issued and the services were rendered in settlement of which such warrant was issued, prior to the completion of said first assessment, wherefore defendant alleges further that the warrant sued upon in the petition filed in this action, is void as being issued and creating a debt in excess of 4 per cent. of the last assessment of said county for purposes of territorial and county taxation preceding the creation of such debt, and in violation of the provisions of the act of congress, approved July 30, 1886, entitled: "An Act to Prohibit the Passage of Local and Special Laws in the Territories of the United States, to Limit Territorial Indebtedness, and for Other Purposes."

(3) Defendant alleges further that the warrant declared upon, is null and void, for the reason that the board of county commissioners, by whom such claims were allowed, and by whom the expenses were incurred in settlement of which the said warrant was issued, had no legal authority to incur such expenses, or to issue such warrant in settlement thereof, and that such expenses were not a legal charge against said county, and were not by law authorized to be incurred by said board of county commissioners against said county. That no part of such account was incurred for the building or repair of bridges, the said warrant being issued in settlement for locating and working a road between the village of Taloga, in said county, and the village of Woodward, in the Cherokee Strip; that all of the labor charged for and services rendered for which such warrant was issued, except the amount of $50, was incurred in working the roads outside of the limits of said county.

To this answer the plaintiff demurred upon the ground that said answer does not state facts sufficient to constitute a defense to plaintiff's petition. The court sustained the demurrer to the answer. To which ruling of the court the defendant at the time duly excepted and declined to plead further in said action. The plaintiff then offered in evidence the warrant sued upon, and thereupon the court entered judgment in favor of the plaintiffs, and against the defendant, for the sum of $300.90, and costs of the action. A motion for a new trial was duly filed by the defendant, which was considered and overruled by the court. To which ruling and judgment of the court the defendant duly excepted, and brings the case here on a case-made to be reviewed by this court.

This appeal presents but one question, that is: Did the court err in sustaining the plaintiff's demurrer to the answer of the defendant?

There are two separate and distinct defenses pleaded in the defendant's answer; (1) that when the debt was incurred, and the warrant issued, the county was indebted beyond the federal limit, and (2) that the entire debt for which the warrant was issued, except $50, was incurred for services performed in working roads beyond the limits of the county, and hence the indebtedness, except said amount, was not a legal charge against the county.

The warrant sued upon in this action was *prima facie* evidence of the validity of the claim for which it was issued. The presumption of law is that the warrant was issued for legitimate county purposes, and that it was not issued in contravention of the federal limitation. But it was competent for the county to plead and prove as a defense to the action that its indebtedness was in excess of the federal limit, at the time the debt was created, or that the warrant was issued for an illegal corporate purpose. We think the answer clearly raises these questions, hence the court erred in sustaining the plaintiff's demurrer thereto.

The judgment of the district court is therefore reversed and the case is remanded with directions to overrule the demurrer.

Tarsney, J., having presided in the court below, not sitting; all of the other Justices concurring.