# APPEL, CHAIRMAN BOARD CO. COMMISSIONERS v. STATE EX REL. SHUTTER-COTTRELL.

MANDAMUS — PLEADING — OFFICERS — COUNTY COMMISSIONERS — COUNTY ATTORNEY — EMPLOYMENT OF ATTORNEY TO ASSIST COUNTY ATTORNEY — RATIFICATION OF PREVIOUS ACTS OF COMMISSIONERS — RESCINDING FORMER ACTION REJECTING CLAIM.

1. A petition in mandamus is sufficient if it makes out a *prima facie* case entitling the aggrieved party to the extraordinary aid of the court.

2. In mandamus against the chairman of the board of county commissioners to compel the signing of a warrant, a *prima facie* case is shown by allegations that the board allowed the claim of the relator, ordered it paid out of the general fund, and ordered a warrant for the amount drawn in favor of the relator, the claim appearing to be one that the board may legally contract for and pay. It is not necessary to allege that there were moneys in the proper fund to pay the warrant, nor that the claim was itemized in writing, and verified, when allowed; since the board will be presumed, in the absence of a showing to the contrary, to have performed its duty, and not to have violated the statutory and constitutional requirements as to the allowance of claims and ordering the issuance of warrants.

3. Within the scope of their powers, public officers will be presumed to have performed their duty, and to have observed the requirements of law in their official action.

4. Where an indebtedness is one which the board is ordinarily authorized to incur, the duty of the chairman to sign a warrant ordered by the board to be issued in payment of a claim duly allowed is ministerial, and mandamus will lie to compel him to sign it, unless he is able to show, and does show, facts sufficient to impeach the validity of the claim, or establish illegality in the action of the board. He may excuse or justify his refusal to sign by showing that there are no funds against which the warrant can be legally drawn, as the court will not require a useless or illegal thing to be done, or a worthless piece of paper to be signed, and the statute provides that warrants payable on demand shall not be drawn when there is not sufficient moneys in the proper fund to pay them.

5. It is incumbent upon a respondent, in mandamus, seeking to excuse nonperformance to state the matters of justification in direct and positive terms, and with such precision and certainty as will disclose the propriety of nonperformance, and enable the court to pass upon the sufficiency of the justification.

6. An averment in the answer of the chairman of the board of commissioners of a county in a mandamus suit to compel him to sign a warrant ordered to be issued by the board, upon the allowance of the relator's claim, "that the defendant has no information or knowledge sufficient to form a belief as to whether or not there are any funds in the county treasury with which to pay the warrant, and therefore alleges the truth to be that there are no funds with which to pay the same" is not a sufficient allegation to overthrow the presumption flowing from the action of the board allowing the claim and ordering the warrant; the chairman being in a position to know the facts, and to have made his allegation positive and certain.

7. The board of county commissioners has the power to employ an attorney to assist the county attorney in a suit brought to compel the board to designate a particular paper as the official paper of the county, and such authority of employment is not limited to occasions when the county attorney is absent from the county.

8. The authority of the board to employ an attorney to assist the county attorney, under the provisions of Section 1104 Rev. Stat. is not limited to occasions when the county attorney is absent. That section confers authority upon the board to employ an attorney or attorneys in the cases mentioned.

9. The requirement that the nature and necessity of the employment of an attorney by the board of county commissioners shall appear in the record of the board is sufficiently complied with by an entry in the record on the day when the claim of the attorney for services performed is allowed, describing the suit and its character, in which the attorney was employed, and the character of the services performed by him. The board being authorized to employ in the character of suit named, the board must be the judge of the necessity, and its determination thereof is not open to question, except upon an allegation and showing of fraud.

10. Where the original employment was made or consented to by two of the three members when the board was not in session, the adoption of a resolution subsequently, showing and accepting the employment, and allowance of the attorney's claim for services performed, under the employment, amounts to a complete and sufficient ratification.

11.  A county, through its board of commissioners, may ratify the previously unauthorized acts and contracts of its agents and officers, provided the act or contract be within the powers of the county, and be not otherwise illegal.

12.  A vote of a board of county commissioners rejecting a bill or claim may subsequently be reconsidered, or rescinded and the bill or claim allowed.

[Decided August 1, 1900.]

Error to the District Court, Sweetwater County, Hon. David H. Craig, Judge.

This was a suit in mandamus, wherein the relator, G. W. Shutter-Cottrell sought to have the respondent, Peter Appel, as the chairman of the board of county commissioners, commanded to sign a certain county warrant ordered issued to the relator, by the board, upon the allowance of his claim for services performed as an attorney in assisting the county attorney in defending a suit against the board. The District Court awarded a peremptory writ, and the respondent prosecuted error. The facts are stated in the opinion.

*D. A. Reaville, D. A. Preston,* and *John H. Chiles,* for plaintiff in error.

In mandamus, the respondent may demur, if the relator's pleading does not state sufficient facts. (13 Ency. Pl. & Pr., 702; R. S., Sec. 4201; State ex rel. v. Burdick, 4 Wyo., 276; State v. Crites, 48 O. St., 168; High Ex. Leg. Rem., 451.) The petition is fatally defective because it fails to show that there were moneys in the treasury to pay the warrant. (R. S. Sec. 1216; *In re* Fremont Co., 8 Wyo., 1; 54 Pac., 1073; Board v. McManus, 54 Ark., 446; Merrill on Mandamus, 132, 135; 13 Ency. Pl. & Pr., 675, 691; 14 Ency. L., 222; Ray v. Wilson, (Fla.) 14 L. R. A., 773; State v. Bramwell, 39 Kan., 700; McConoughey v. Jackson, 101 Cal., 265; Miller v. State, 42 Kan., 327; State v. Warner, 55 Wis. 271.) It is defective for want of a statement that the claim was itemized in writing, and verified, as the law

requires. (R. S., Sec. 1062; Const., Art. 16, Sec. 7; State v. Daly, 50 N. J. L., 356; Chalk v. White, 4 Wash., 156; 2 Beach Pub. Corp., 872; 13 Ency. Pl. & Pr., 675; 4 id., 658; O'Keefe v. Foster, 5 Wyo., 343; Bank v. Charles, 86 Cal., 322; Bank v. Ludvigsen, 8 Wyo., 56 Pac., 994.) The plaintiff must show a clear legal right. (High Ex. Leg. Rem., 450; State v. La Grave, 22 Nev., 417; State v. Barber, 4 Wyo., 409.) The employment of the relator was unauthorized. R. R. Co. v. Baker, 6 Wyo., 369, 45 Pac., 494; 7 Ency. L., 979; Mellor v. Board, 35 Pac., 712 (Ida.); R. S. Secs. 1078, 1106, 1079, 1104, 1110; 2 Beach Pub. Corp., 643; Modoc Co. v. Spencer, 103 Cal., 498; Waters v. Trovillo, 47 Kan., 197; Clough v. Hart, 8 id., 325; Cuming Co. v. Tate, 10 Neb., 193; Brome v. Cuming Co., 34 Am. & Eng. Corp. Cas., 481 & note; Ransom v. Mayor, 24 Barb., 226; Merriam v. Barnum, 116 Cal., 619; Montgomery v. Jackson Co., 22 Wis. 69.) The powers of the board were exhausted by a single exercise, and could not be rescinded, and the action of the board in reconsidering their former action rejecting the claim, and allowing it, was void. (7 Ency. L., 1005, 1008.) Mandamus will not lie to enforce an illegal claim against a county. (Merriam v. Board, 72 Cal., 518; McFarland v. McCowen, 98 id., 329; State v. Yeatman, 22 O. St., 546; State v. Com'rs., 21 id., 648; Wood v. Strother, 76 Cal., 545; State v. Headlee, 17 Wash., 637; Barnett v. Ashmore, 5 id., 163; High Ex. Leg. Rem., 354; Merrill on Man., 126.)

*M. C. Brown,* for defendant in error.

This being an action to enforce a ministerial duty, the petition is sufficient, since the board will be presumed to have performed its duty. Enough is alleged to require the defendant to show illegality, if any is claimed. (R. S. Secs. 1073, 1216; Thomp. Corp., 7711; Coombs v. Lane, 4 O St., 112; 6 id., 288; 2 id., 241; Bank v. Dandridge, 2 Wheat., 70; U. S. v. Crusell, 14 Wall., 1; Whart.

Ev., 1318–19; Babcock v. Goodrich, 47 Cal., 508; Burnett v. Auditor, 12 O., 54; R. R. Co. v. Stockton, 51 Cal., 328; Faulk v. Strother, 84 *id.*, 544; High Ex. Leg. Rem., 350; McConoughey v. Jackson, 101 Cal., 269.) The board could rescind its former action. (Dillon Munic. Corp. 290; Estey v. Shaw, 56 Vt., 690; 101 Cal., 269.) Mandamus is the proper remedy.

Potter, Chief Justice.

This was an application in the district court on the relation of G. W. Shutter-Cottrell for a writ of mandamus to compel Peter Appel, the chairman of the board of county commissioners, to sign a warrant ordered to be issued by the board to the relator in the sum of two hundred dollars.

The allegations of the petition are substantially as follows: That said Appel is the legally chosen chairman of the board of county commissioners of Sweetwater County; that on April 5, 1899, the said board at a regular session thereof allowed a claim of the relator in the sum of two hundred dollars, and ordered it paid out of the general fund of the county, and ordered the county clerk to draw a warrant for the same in relator's favor; that the clerk drew said warrant and signed and sealed the same, and the county treasurer countersigned it, but that Peter Appel, the chairman of the board refused to sign said warrant, although relator had demanded of him that he sign it as ordered and drawn by the board. A copy of the warrant, as made out by the clerk, is set out, by which it appears that it is numbered 13741, dated April 5, 1899, and commands the county treasurer to pay to G. W. Shutter-Cottrell, or order two hundred dollars, for county attorney assistance, out of general fund; and represents that it is issued by order of the board, and bears the signatures of the clerk and treasurer of the county. It is alleged that without the signature of the chairman of the board the warrant is of no value, and that relator is without remedy except in this proceeding. The prayer is for

a writ of mandamus commanding the defendant, (plaintiff in error here) to sign said warrant as chairman of the board.

Upon the filing of the petition, and its presentation, with affidavits and copies of records, as is shown by the order of the district judge, an order was made by said judge that the application be fixed for hearing at a date named therein, and that the defendant appear and show cause why a peremptory writ of mandamus should not be issued in accordance with the prayer of the petition. On the day fixed by said order, the defendant filed a demurrer to the petition on the ground that the same does not state facts sufficient to constitute a cause of action. This demurrer was submitted without argument and overruled, and the defendant excepted thereto.

Thereupon defendant filed an answer alleging that on March 7, 1899, the relator presented to the board a claim of two hundred dollars (the same mentioned in the petition), alleged to be due him for services as an attorney and counsellor at law, in assisting the county and prosecuting attorney of said county, in the case of Robert Smith, v. The Board of the County Commissioners of Sweetwater County, pending in the district court of Sweetwater County, which was a mandamus proceeding brought to compel the board to designate the *Rock Springs Miner*, a newspaper, as the official paper of said county. It is averred that at all times from the institution of that case until its final determination, the county and prosecuting attorney of said county was present in said county and not absent therefrom; that the relator was never employed by the board in said case, nor in any other cause, that no necessity existed for the employment of counsel, and no minutes or record of said board were ever made, kept or entered, showing the necessity and nature of said alleged employment.

It is further alleged by the answer that on the 4th day of April, 1899, the board rejected and dissallowed the relator's said claim, and that the action of the board in re-

considering the matter and allowing the claim, as alleged in the petition, was without jurisdiction, illegal and void; that the said claim has never been allowed by the board, and if so allowed, the action was without jurisdiction, illegal and void; that said claim is not a valid charge against said county, and the board exceeded its power in allowing it. The following also appears in the answer: "That the defendant has no information or knowledge sufficient to form a belief as to whether or not there are any funds in the county treasury of the said county with which to pay the said warrant and therefore alleges the truth to be that there are no funds with which to pay the same."

The cause was finally heard and determined upon the petition, answer and an agreed statement of facts. The agreed statement is as follows:

"That on the 12th day of February A. D. 1899, D. G. Thomas, claiming to act by direction of two of the commissioners, requested the relator to aid him in representing the county in resisting certain mandamus proceedings brought by Robert Smith against the board of county commissioners of Sweetwater County, to require said board to designate the *Rock Springs Miner,* a newspaper published in Sweetwater County as the official paper of the county.

"That thereafter and on or about the 15th day of February, and before said matter was tried and considered by the court, T. B. Davis and Marcus Outsen, being, both county commissioners of said county, and being there in the office of D. G. Thomas, at Rock Springs, Wyoming, talked with relator about his employment in the said matter of mandamus, and consulted with him about the case.

"That on the 25th day of February, 1899, said case came on for hearing, and was tried and determined by the court, judgment being rendered in favor of the said board of commissioners. That in said trial the relator in part represented the said board and performed such serv-

ice therein as an attorney at law as required by his employment.

"That thereafter the relator prepared his bill for services in due form as by law required, and presented same to board for allowance. That the action of said board and its proceedings upon said bill fully appear in the certified copy of the proceedings of the board hereto attached."

From the copy of the board's proceedings attached to the statement, it appears that at a meeting held March 7, 1899, the bill of relator was presented and referred to the county attorney. That officer by a communication, dated March 21, 1899, announced as his opinion that the claim was legal and ought to be paid. At a subsequent meeting of the board held April 4, 1899, several claims against the county were allowed and warrants ordered to be issued for the same, and the relator's claim was rejected. The board adjourned until the following day, April 5, 1899. On that day the board met pursuant to adjournment, and the record of that meeting contains the following :

" Mr. G. W. Shutter-Cottrell being present in person, it was moved by Mr. T. V. Davis, and seconded by Mr. Outsen and carried, that the minutes of April 4, 1899, be reconsidered in that part having reference only to the rejection of Mr. G. W. Shutter-Cottrell's bill. Moved by Mr. T. V. Davis, and seconded by Mr. Outsen and carried, Mr. T. V. Davis and Mr. Outsen voting in the affirmative, and Mr. P. Appel in the negative — that the following resolution be made a part of the record of the proceedings of the meeting of April 5, 1899.

"RESOLUTION : Whereas, on the ninth day of February, A. D., 1899, Robert Smith sued the board of county commissioners, and P. E. Du Sault, county clerk of Sweetwater County, upon mandamus proceedings in this; to-wit, To compel the said board to grant and give to him, the said Robert Smith, the county printing, it further appearing to said board, that the county attorney D. G. Thomas, desired and needed legal assistance in the de-

fense of said suit, and to protect county interests therein, and that said county attorney, by the advice of a majority of said board did employ G. W. Shutter-Cottrell to assist in the defence of said suit, at a time when the commissioners were not in session, that said employment was necessary for the successful defense of said cause against the said board of the county commissioners and the said county clerk, P. E. DuSault." Then appears the following:

"It was moved by Mr. T. V. Davis and seconded by M. Outsen and carried, T. V. Davis and Mr. Outsen voting in the affirmative and P. Appel in the negative, that the following bills be examined, audited, and allowed, and the clerk ordered to draw warrants for same. Mr. Appel stating that it was his belief that the payment of Mr. Shutter-Cottrell's bill was not legal:

G. W. Shutter-Cottrell, Co. Attorney's assistance in the mandamus case of R. Smith v. the Board of the County Commissioners, and the Clerk of Sweetwater County * * * $200."

The copy of the proceedings in the record shows that other bills were at the same time allowed, and warrants ordered drawn to pay them, but the items thereof are not given for the reason, as stated, that they do not refer to the claim in controversy. The court decided in favor of relator, and awarded a peremptory writ.

The overruling of the demurrer to the petition is assigned as error. Under this assignment it is urged that the petition is fatally defective for two reasons. (1) Because it fails to show that there were moneys in the proper fund in the treasury sufficient to pay the warrant. (2) Because it fails to state that the claim of relator was itemized in writing, and verified as required by law.

It is provided by the statute that county warrants, payable on demand, shall be drawn and issued only when, at the time of drawing and issuing the same there shall be sufficient moneys in the proper fund in the treasury to

pay the same. Rev. Stat., Sec. 1216. And the constitution prohibits the audit, allowance, or payment of claims against the county until a full itemized statement thereof in writing, verified by affidavit shall be filed with the officer or officers whose duty it may be to *audit* the same. Art. 16, Sec. 7.

It may be conceded as a general proposition that mandamus will not lie to compel the issuance or signing of a county warrant, payable on demand, in the absence of sufficient money in the appropriate fund in the treasury to pay the same; and that a return or answer alleging that there were not sufficient moneys in the proper fund for the payment of the warrant would set forth a good defense. High Ex. Leg. Rem. Sec. 484. The same may be conceded as to the requirement for an itemized statement and verification of the claim. The question here, however, affects the sufficiency of the petition.

It is only necessary that the petition should make out a *prima facie* case entitling the aggrieved party to the extraordinary aid of the court. Rev. Stat. Sec. 4204. High Ex. Leg. Rem., Sections 448–450. We think such a case is presented by the allegations that the board of county commissioners allowed the claim of relator, ordered it paid out of the general fund, and ordered a warrant for the amount drawn in favor of the relator. It is the duty of the board to audit and allow all accounts chargeable against the county; and, when allowed, to draw and issue county warrants or orders therefor upon the proper funds in the treasury. Sections 1058 and 1216. The chairman of the board is required to sign such warrants or orders, and they are required also to be signed or attested by the county clerk, and countersigned by the treasurer. Sections 1091, 1142, 1216. But the authority for the chairman and other officers to sign and deliver the warrants proceeds from the order of the board. The prohibition upon the drawing of warrants when the treasury is without funds affects and controls the board in the first instance; and the same is true of the provision for item-

ized and verified vouchers. Conceding that the claim of
relator is of a character which a county may legally pay,
it will be presumed in the absence of a showing to the
contrary, that the board performed its duty and did not
violate the statutory and constitutional requirements. It
is well settled that within the scope of their powers, pub-
lic officers will be presumed to have performed their duty,
and to have observed the requirements of law in their
official action. State ex rel Bennett v. Barber 4 Wyo.
56. It is upon this principle that municipal and county
orders for the payment of money are held to constitute
a *prima facie* cause of action, and that their impeach-
ment must come from the defendant. Ray v. Wilson
( Fla.), 14 L. R. A. 773; *In re* Apportionment of Indebt-
edness bet. Fremont and Big Horn Counties 54 Pac.
1073, ( 8 Wyo ). Board of Comr's v. Sauer ( Okla.), 61
Pac. 367.

Hence from the allegation in the petition respecting
the action of the board the presumption follows that the
claim was presented in due form to authorize its allow-
ance and payment, and that the warrant was ordered
drawn against funds then in the treasury sufficient in
amount to pay it. "It is not necessary to allege and
show affirmatively matters of fact which the law pre-
sumes from other facts which are alleged." State ex rel
Bennett v. Barber, *supra*.

The cases cited by counsel for plaintiff in error are
clearly distinguishable from the case at bar. With a few
exceptions they were mandamus proceedings brought to
compel action upon the part of the board or other auditing
officers.

In McConoughey v. Jackson, 101 Cal., 265, the proceed-
ings were against the city clerk to require the drawing of
a warrant ordered by the board of trustees, and the peti-
tion alleged that there was money in the treasury to pay
the same. In Ray v. Wilson ( Fla. ), 14 L. R. A. 773,
the treasurer was defendant, and the payment of war-
rants was sought to be compelled by mandamus; and the

petition alleged the existence of funds.    In the California
case it was said that the matters alleged were the essen-
tial facts entitling the petitioner to the writ ; and in the
Florida case it was said that the petition stated a *prima
facie* case.    In neither case was the question involved
whether the petition would have been sufficient had it
only averred that the auditing board had allowed the
claim and ordered a warrant issued for its payment.    It
may be that in a proceeding to require payment by a
treasurer, ability on his part to pay should be alleged; but
that is not this case.

Where the indebtedness is one which the board is ordi-
narily authorized to incur, the duty of the chairman to
sign a warrant ordered by the board to be issued in pay-
ment of a claim duly audited and allowed is ministerial,
and mandamus will lie to compel him to sign it, unless he
is able to show, and does show facts sufficient to impeach
the validity of the claim or establish illegality in the
action of the board.    No doubt the officer upon whom
devolves the duty of signing or issuing warrants ordered
by the board has the right to justify his refusal to obey
the mandate of the board by showing that they would be
void for want of jurisdiction in the board, or other plain
and palpable violation of law.    McFarland v. McCowen,
98 Cal. 329.    That he may excuse or justify his refusal
to sign the warrant by showing that there are no funds on
hand against which the warrant can be legally drawn,
cannot be seriously questioned, we think, in view of our
statutory provisions, as the court will not require an
illegal or useless thing to be done, or a worthless piece
of paper to be signed.    This the defendant attempted to
do by an allegation quoted in an earlier part of this
opinion.    The agreed statement of facts is silent respect-
ing this matter, and to overthrow the presumption flowing
from the action of the board, defendant rests entirely
upon the allegation of his answer.    While it is charged
that there are no funds with which to pay the warrant,
the charge is accompanied by the statement that defend-

ant is without any knowledge or information sufficient to form a belief upon the subject. The allegation does not reach the dignity of one upon information and belief. The averment is that he has neither knowledge, information or belief. It affects a fact which ought to have been within his knowledge and information, and by reason of the office held by him he was in a position to obtain the requisite knowledge to have made his allegation positive and certain. McConoughey v. Jackson 101, Cal. 265. In mandamus it is incumbent upon a respondent seeking to excuse nonperformance to state the matters of excuse or justification upon which he relies in direct and positive terms, and to state them with such precision and certainty as will disclose the propriety of his nonperformance, and enable the court to pass upon the sufficiency of the justification. High Ex. Leg. Rem. Sections 473, 474. Although the statement of facts makes no mention of the matter of funds available to pay the warrant, it appears from the proceedings of the commissioners that other claims were allowed and warrants ordered drawn for their payment on the same day that relator's warrant was ordered. The objection of the defendant, as noted upon the journal of the board, to the allowance of the claim of relator does not seem to have had any relation to the question of funds; as stated, his objection was that in his belief the claim was not legal.

It is contended that the judgment is not sustained by sufficient evidence, and is contrary to law, and that the court erred in awarding the peremptory writ. The grounds of this contention are: first, that the relator if employed at all was not employed by the board, but by two members thereof without authority to do so; and that such employment was therefore illegal, and second, that in actions where the county or board are parties the board has no authority to employ an attorney except in the absence of the county attorney.

The nature of the suit in which the services of the relator were rendered has already been stated. It was a

mandamus proceeding brought against the board to compel certain official action on its part. In support of the proposition that the board in such a suit is without authority to employ counsel to assist the county attorney, the provisions of Sections 1078 and 1079, Revised Statutes, are particularly relied on, together with the provisions of Section 1106, which . constitute the county attorney the legal advisor of county officers, and of Section 1104, which in other respects prescribes his duties.

Section 1078 provides that "in all legal proceedings against the county, process shall be served on said board of county commissioners or any member thereof; and they shall have the right, and are authorized in the absence of the county attorney, to employ an attorney to prosecute or defend, for which they may make an appropriation out of the general county fund."

Section 1079 prohibits the giving of any fee to any attorney by the board for any services not required by law, and if any attorney be employed · by the board under the provisions of the chapter in which said section is embraced, the nature and necessity of such employment shall appear in the record of the board. Counsel's position is that the only authority possessed by the board for the employment of an attorney in such a case as the one in which the services of relator were rendered, is to be found in Section 1078, above quoted. We are unable to agree with counsel. We think that Section 1104 has an important bearing · upon that question. That section provides that "every county and prosecuting attorney shall appear in the district court in behalf of the state and the county in which he may be elected or appointed, in all indictments, suits, and proceedings which may be pending or arise in said county, wherein 'the state or the people thereof, of (or) said county may be a party." * * * "Nothing contained in this section shall be so construed as to prevent the county commissioners of any county from employing one or more attorneys to appear and prosecute

or defend or assist said attorney in so doing, in behalf of the people of the state or such county, in any such indictment, action or proceeding; but in such case the nature or necessity of such employment shall appear in the record of the board.'' The word '' or '' above placed in parenthesis is the word used in. the section of the Revised Statutes of 1877, and the word ''of '' in the late revision is evidently a misprint.

That such a suit as the one in which relator appeared for the board is embraced in and covered by the section is plain. The duty of the county attorney to appear in that character of proceeding is to be found expressed only in this section. No other provision of the statute imposes the duty upon him. And it is the kind of suit and proceeding in which the county attorney is required to appear, that is included in the last clause of the section above quoted. It is declared that as to such an action or proceeding nothing in the section contained shall be construed as to prevent the board from employing an attorney to appear, prosecute, or defend, or to assist the county attorney in so doing. It is reasonably clear that the employment referred to is not limited to occasions when the county attorney is absent, for it may be to assist that officer.

It is evident also that it was intended to confer authority upon the board to employ an attorney or attorneys. It is provided, '' but in such case the nature and necessity of such employment shall appear in the record of the board.'' The statement is not that the section shall not be construed as preventing the employment when otherwise provided by law. Such a provision would be of use only as.a matter of great precaution.

The board is empowered generally to represent the county and have the management of the business and concerns of the county in all cases where no other provision is made by law. Sec. 1058. The county has authority to make all contracts and do all other acts in relation to the property and concerns of the county neces-

sary to the exercise of its corporate or administrative powers. Sec. 1073. And the powers of the county are exercised by the board of county commissioners. Sec. 1055. It is the duty of the board to designate an official paper of the county where there is more than one paper published within the county. Sec. 1071.

The suit wherein relator was employed was one to compel the board to designate a particular paper as the official paper of the county. It became the duty of the county attorney to represent the board in that proceeding; but the section of the statute imposing that duty upon him, declares that it shall not be construed as preventing the employment of an attorney to assist him, or to defend the action. Section 1078 authorizes the board in a certain class of cases to employ counsel in the absence of the county attorney, but it does not expressly prohibit or negative the right of such employment in other cases. Were there no other provision of law upon the subject it might be held to restrict the right by implication by the application of the maxim *expressio unius est exclusio alterius.* We think the employment of relator was within the power of the board.

The requirement that the nature and necessity of the employment shall appear in the record of the board was sufficiently complied with by the entry of the resolution on the day when the claim was allowed describing the suit and its character in which relator was employed, the character of the services rendered by him; viz., to assist in the defense of said cause, and stating that "said employment was necessary for the successful defense of said cause." As to the necessity for that character of employment the board must and should be the judge, and their determination thereof is not open to question except upon an allegation and showing of fraud. The statute does not prescribe the time when the record shall be made to disclose the requisite facts.

The purpose of the requirement being evidently to guard against the giving of a fee or allowance to an

attorney for services not required by law (Sec. 1079), it is sufficiently subserved by the making of the required entry at the time of the allowance of the claim for the services performed.

The objection that the employment was made or consented to by two of the commissioners when the board was not in session, is fully overcome by the subsequent action of the board. The adoption of the resolution showing and accepting the employment and the allowance of the claim amounted to a complete and sufficient ratification. In fact, the tenor of the resolution shows an intention to ratify the acts of the two commissioners in advising and consenting to the employment.

The right of a county through its board of commissioners to ratify the previously unauthorized acts and contracts of its agents and officers, cannot be doubted, provided the act or contract be within its powers and not otherwise illegal. Dillon's Mun. Corp., Sec. 385; 1 Ency. L., 2d ed., 1182.

Finally, it is contended that having once rejected relator's claim, the board had no power to reconsider their action and allow the same. But it is settled that at any time before the rights of third persons have become vested which would be interfered with by a reconsideration, a corporate board may, if not inconsistent with its charter or the law creating and governing it, and its rules of action, reconsider and rescind previous votes and orders. Dillon's Mun. Corp., Sec. 228; 3d Ed., Sec. 290. Mc-Conoughey v. Jackson, 101 Cal., 265; Estey v. Starr, 56 Vt., 690. That principle applies to a board of county commissioners; and surely there is no reason why a vote rejecting a bill may not subsequently be reconsidered or rescinded, and the bill allowed. It may have been disallowed on account of insufficient information, or it may have been prematurely presented; and other reasons equally as potent might be suggested, making a reconsideration entirely proper and reasonable.

Plaintiff in error having failed to show that the warrant

was illegal, but it appearing that it was one which the board was authorized to draw, it was his duty to sign it, and the judgment awarding a peremptory writ must be affirmed.

*Affirmed.*

CORN, J., and KNIGHT, J., concur.