Spear, J.
The record presents a phase of the inquiry respecting the duty of municipal officers in the letting of contracts for the making of street improvements, and the rights of bidders for the opportunity to enter into contracts with the municipality for that purpose, which seems not to have been present in any reported case. A single question arises. It is: Can the municipal authorities, after determining to award a contract to one who has been, by resolution duly adopted, found to be the lowest and best bidder, lawfully rescind such action and refuse to notify such bidder of its resolution and to enter into a contract with him, the bidder having in all respects complied with the requirement of the advertisement for bids, and having shown that he is able, willing and ready upon his part to enter into such contract ?
The question would seem to be answered by ,a consideration of section 1536-679, Revised Statutes, (section 143, Municipal Code) which, among other things, provides that the directors of public service may make any contract for any work under the supervision of that department not involving more than five hundred dollars, but that when such expenditure will exceed that sum the expenditure shall first be authorized and directed *222 by ordinance of council. Then follow directions as to advertising for bids, specifications, of what the bid shall contain, for check or bond to accompany the same, for the opening of bids, that the board shall make a written contract with the lowest and best bidder, but that the board may reject any and all bids, and that where there is reason to believe there, is collusion or combination among bidders the bids of those concerned therein shall be rejected.
The contention of plaintiff in error necessarily rests upon the claim, expressed in general terms in the petition, that the duly authorized offer' of the Board tendered to bidders a proposition which when duly accepted by the relator, as it was by its bid and check, such bid being the lowest and relator being the best bidder, became a contract between' the relator and the city; that a vested right was thereby conferred upon relator and it therefore became the plain mandatory duty of defendant to enter into the written contract provided for by the statute. There is apparent plausibility in this claim, but is it sound? It seems to us not. The weakness, fatal, as we think, lies in the assumption that the Board had done all that the statute requires in order to bind it, that its resolution implies an acceptance of the Company’s offer, and that there followed an acceptance by the Company of the Board’s resolution and implied offer. Neither condition existed. The act of the Board lacked one essential element contemplated by the statute and required by the advertisement to be done by the Board, viz.: notification to relator of the passage of the resolution finding *223 relator to be the lowest and best bidder. To fairly make the question which the counsel argue the element of notification should be present. At least until notification had been made it could not be claimed with reason that there had been any acceptance by the Board of the Company’s proposition. In no just sense can it be said that the resolution was conclusive or binding on the Board. It was in effect a mere mental assent on the part of the Board unexpressed by any act which would conclude the negotiation or bind the party. Nor was there an acceptance by the Company, the attempt to do so having been made after the Board had rescinded the only action taken which it is claimed formed the basis of a contract. So there was in fact no tender. One cannot accept that which has not been tendered, and cannot bind another by such attempted acceptance. Unless, therefore, the act of making the bid and putting in the check amounted to an acceptance there clearly was no acceptance shown on the part of the Company and the bid and check cannot be treated as an acceptance because all this-was tentative and could have no potential effect until the Board had subsequently taken action in conformity with the statute. Necessarily, therefore, there could have been no contract. To accept a contract is to admit it and agree to it; to accede to it, to assent to it; the ordinary meaning embodies assent and agreement. 1 Am. & Eng. Ency. of Law & Prac., 224. And there can be no contract without such acceptance, for as Pothier says: “A contract includes a concurrence, of intention in two parties one of whom promises. something to the other, who on his part, *224 accepts such promise.” So it follows that as there was no mutual promise, no meeting <3f the minds upon the same terms at the same time, there could be no contract. Whatever might have been the legal right of relator to insist upon a written contract had such notice been given we need not in this connection discuss, for no such situation has arisen.
But, aside from the foregoing, a further view of the statute would seem to conclusively determine the rights of the parties. Running all through the legislation is a plainly implied if not expressed purpose to clothe the Board of Public Service with a wide discretion in dealing with the making of contracts for street improvements, the various precautionary provisions being intended to safeguard the public in its dealing with contractors. The Board may reject any and all bids. If there be reason to believe there is collusion or combination among bidders, the bids of those concerned therein shall be rejected. True, the language is that the board shall make a written contract with the lowest and best bidder, (that is, no contract shall be made with any but the lowest and best bidder,) but the board is to determine who of all the bidders is the lowest and best, and no limit is placed respecting the time when the determination shall be made, nor is there any requirement refusing to the board the power, úsually accorded to all municipal bodies, to rescind their action in a proper case. In the absence of such provision the proposition is a fair one that' the usual' rule prevails. That rule, well settled by numerous adjudications, is to the *225 effect that the action of such bodies respecting legislative or administrative matters is not always conclusive and beyond recall, but that they are possessed of inherent power to reconsider their action in matters of that nature, and adopt if need be the opposite course in all cases where no vested right of others has intervened, the power to thus act being a continuing power. The powers involved in this inquiry are administrative powers, and necessarily they must involve the right to reconsider action theretofore taken, and, in the absence of a showing that fraudulent intent existed to the injury of the complaining party, courts will not interfere. In this case, under the statute cited, it is quite clear that the real substantial object to be attained is the making of the written contract; it is the only contract authorized by the statute, and all that precedes is but preliminary to the efficient object, viz.: the written contract. Until that is executed the city is not bound. In the present case the Board was authorized to bind the city by the written contract specified in the statute, but was wholly unauthorized to bind the city by any other contract.
As conclusion, we regard the rule, entirely settled as we think, that where authority is given by statute to a board to let a contract to the lowest and best bidder, discretion is thus conferred and courts will not undertake tó control such discretion by mandamus applied to this case. Ex parte Black, 1 Ohio St., 30; The State v. Commissioners, 36 Ohio St., 326; The State v. Commissioners, 63 Ohio St., 440. Among many *226 authorities cited by the vigilant counsel for defendant in error. special attention is directed to the following: Coppin v. Herman, 6 N. P., 452; Ross v. Stackhouse, 114 Ind., 200; Red v. Augusta, 25 Ga., 386; Water Commrs. v. Brown, 32 N. J. L., 504; McClain v. McKisson, 15 C. C., 517; Braman v. Elyria, 5 C. C. (N. S.), 387, aff. in 73 Ohio St., 346; Yaryan v. Toledo, 8 C. C. (N. S.), 1; Page on Contracts, sections 43, 54; Edge Moor Bridge Wks. v. Bristol, 170 Mass., 528; Benton v. Springfield Y. M. C. A., Id., 534; Dunham v. City of Boston, 12 Allen, 375; People’s Railroad v. Memphis Railroad, 10 Wall., 38; Stoddart v. Galman, 22 Vt., 568; Cox v. Mount Tabor, 41 Vt., 28; Estey v. Starr, 56 Vt., 690; Capital Ptg. Co. v. Hoey, 124 N. C., 767.
It may be added that persons dealing with municipal corporations must at their peril take notice of all grants of power and of all limitations of authority on the part of municipal agents, and that in the present case the relator must be held to have had notice of the scope of the powers of the Board and the prescribed manner of their exercise.
The judgment of the circuit court will be

Affirmed.

Crew, C. J., Summers, Davis, Si-iauck and Price, JJ., concur.