Battle, J.
 

 We are unable to perceive any ground upon which the action of trespass to
 
 et armis
 
 can be sustained upon the facts of the case. The defendants did not go upon the land of the plaintiff, nor, in any way, wilfully send down' water and sand upon it. It is therefore unlike the case of
 
 Kelly
 
 v.
 
 Lett,
 
 13 Ire., 50, where the defendant, who owned a mill on the same stream and above one belonging to the plaintiff, wilfully, and with intent to injure the plaintiff, frequently shut down his gates, so as to accumulate a large head of water, and then raised them, whereby an immense volume of water ran with great force against the plaintiff’s
 
 *352
 
 dam, and washed it away. In that case, it was properly held that an action of trespass
 
 vi et armis
 
 was the proper remedy; but in the present case, the facts are that the defendants neither acted wilfully, nor with intent to injure the plaintiff; and, if any damage were sustained by him, it was altogether consequential to the acts of the defendants; and, therefore, the action of trespass on the case would have been the proper remedy.
 

 Under the act of 1858, c. 37, the plaintiff might have joined the action of trespass on the case with that of trespass
 
 vi el armis,
 
 but he has not thought proper to do so; and, if he had, it would not have availed him in this particular case, because the jury did not find that he had sustained any actual damages. The nominal damages were given upon the mistaken supposition of the Judge that there was a trespass with force and arms.
 

 There was error, and the judgment must be reversed.
 

 Pbr Curiam:.
 
 Venire de novo.