# BOARD OF COUNTY COMMISSIONERS OF SHERIDAN COUNTY v. DENEBRINK.

POOR AND PAUPERS—NON-RESIDENT SICK PERSONS—LIABILITY FOR CARE IN EMERGENCY CASE—SERVICES RENDERED BY PHYSICIAN—IMPLIED CONTRACT—PRESENTATION OF CLAIM TO COUNTY BOARD—ALLEGATION IN THE PETITION.

1. The notice of the sickness in the county of a non-resident person without means, upon receiving which the county board is required to provide the necessary assistance, is not for the purpose of fixing the county's liability for such assistance furnished by third parties, but to enable the board to act promptly in deserving cases. (R. S. 1899, Sec. 1260.)

2. Where, in case of a serious accident suffered in the county by a non-resident without means, requiring immediate medical and surgical attention to save his life, notice before the giving of such attention is impossible because the board is not in session, the county is liable to a physician for the reasonable value of services rendered the sufferer, shown to have been imperatively required without delay.

3. It is to be presumed that a physician performing services immediately required to save the life of a non-resident sick person without means did so with the expectation of payment by the county, where the same are performed with knowledge that the county board is authorized by statute to extend assistance to such person at the county's expense.

4. Where a request by the county board for the performance of services by a third party in attending to the immediate necessities of a person without means falling sick or suffering an accident in the county is impossible because the board is not in session, such a request is not essential to a recovery from the county of the value of such services, but the liability in such case arises from the moral and legal obligation of the county to provide the attention, its failure to do so, and the rendering of the required emergency service by the party with the expectation of being reimbursed therefor, a promise to pay in such case being presumed.

5. As against a demurrer, an allegation in a petition for the recovery of a claim against a county for medical and surgical attention to a person alleged to have been entitled thereto at the county's expense, sufficiently alleges the pre-

sentation of the claim to the county board, which states that a verified claim for the said medical and surgical services so rendered and performed was filed with the county clerk of the county and presented to the defendant, and that a copy of the claim is not attached to the petition for the reason that the same has been mislaid or lost, it not appearing that the claim embraced more than one item, and the services are alleged to have been rendered on the same day.

[Decided March 19, 1907.]                    (89 Pac., 7.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

. F. Denebrink, a physician, sued the County of Sheridan for medical and surgical services performed for a non-resident person without means, who had been seriously injured in the county and required immediate attention at the hands of a physician to save his life. A demurrer to the petition was overruled, whereupon the defendant refused to further plead and judgment was rendered for the plaintiff. The defendant prosecuted error. The facts are stated in the opinion.

*James A. Burgess,* County and Prosecuting Attorney, for the plaintiff in error. (*Charles A. Kutcher,* of counsel.)

The county's liability for medical services to a poor person or pauper is statutory, there being no such liability at common law. (Board v. Board, 6 Wyo., 254; 22 Ency. L., 1008.) The plaintiff below must therefore bring himself within the statute to authorize a recovery. (Kechler v. Stumme, 36 N. Y. Super., 337.) The action is based upon Section 1260, Revised Statutes of 1899, but sufficient facts are not pleaded to bring the case under its provisions. Notice to the sheriff was not notice to the board. (Mechem on Agency, 718; Mechem Pub. Off., 846.) There is no allegation of notice to the board. It is essential that the facts showing notice should be set out; a mere conclusion is insufficient. (Lawson v. Townes, 3 Ala., 373; Rapalye v.

Bailey, 3 Conn., 438; McCormick v. Tate, 20 Ill., 334; Cruger v. Ry. Co., 12 N. Y., 190.) A demurrer does not admit legal conclusions, but only facts well pleaded. (Phillips Code Pl., 302.)

Notice was necessary to constitute a cause of action. (Board v. Board, 6 Wyo., 262.) And it must be shown to have been given as soon as practicable, to impose on the county a legal obligation. The allegation as to presentation of the claim is insufficient, since it does not show it to have been itemized. (R. S. 1899, Secs. 1062, 1216; Const., Art. 16, Sec. 7; Houtz v. Board, 11 Wyo., 168.) Therefore, it does not appear that suit was authorized. (5 Ency. Pl. & Pr., 297, and cases cited; 11 Cyc., 602; Bank v. Custer, 17 Pac., 551 (Mont.)

*E. E. Enterline,* for defendant in error.

Notice to the board was not necessary in this emergency case; but notice was given to one of the board's appointed agents in such matters, which was all that could have been given at the time, as the board itself was not in session. The board was authorized to appoint an agent for such cases. (R. S. 1899, Sec. 1258.) The facts alleged show liability on the part of the county. (Robbins v. Town (Minn.), 103 N. W., 1023.) The presentation of the claim is sufficiently alleged.

Scott, Justice.

This action was originally brought in the District Court of Sheridan County by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover the sum of seventy-five dollars for medical and surgical services rendered to a non-resident person who had fallen sick in that county from an accident and was without any money or means to pay therefor. A demurrer was interposed to the petition and upon hearing was overruled, to which an exception was duly taken and the defendant electing to stand upon the ruling, judgment was rendered

in favor of the plaintiff. The defendant brings the case here upon error.

It is alleged in the petition that plaintiff is and was at all times mentioned therein a duly licensed and practicing physician and surgeon in the State of Wyoming and was engaged in the practice of his profession in the County of Sheridan, in said state. "That on or about the 28th day of November, A. D. 1904, one George Perkins received severe bodily injuries in the County of Sheridan, Wyoming, by then and there having his left arm run over by a railway train, and that the said George Perkins, by reason thereof, then and there did fall sick in the said county and state; that the said George Perkins then and there did not have any money or property to pay his board, nursing and medical attention, and that said defendant then and there had due notice thereof." That prior thereto the defendant had duly appointed the sheriff, county and prosecuting attorney, and one of its members as its agents to oversee and provide for the poor and indigent of the county. "That on the said 28th day of November, 1904, the said George Perkins, after receiving said bodily injuries, required prompt medical and surgical attention to save his life; that the said defendant, acting through one of its said agents, namely, A. J. Neilsen, sheriff of said county, took charge and custody of the said George Perkins on behalf of said defendant; that on said date and while the said Perkins was in the charge and custody of the said defendant, acting through its said agent, the sheriff of said county, this plaintiff, with the full knowledge and consent of the defendant, acting through its agent aforesaid, in order to save the life of the said Perkins amputated the injured arm of the said Perkins as such physician and surgeon, and then and there gave the said Perkins the surgical and medical attention required, the said plaintiff being then and there assisted by Dr. W. A. Miller; that at said time the defendant was not in session and no other notice could have been given than to its agent aforesaid." That the said medical and surgical attention so

rendered and performed was reasonably worth the sum of $50, and that the plaintiff on February 8, 1905, filed with the county clerk of said county and presented to the defendant a verified claim against the county for the medical and surgical services so rendered, and "that a copy of said claim is not attached hereto for the reason that the same has been mislaid or lost. That the claim has not been paid and that the amount thereof, together with interest thereon from February 8, 1905, is due from defendant to the plaintiff."

There is a second cause of action in which it is alleged that Dr. W. A. Miller, a duly licensed and practicing physician and surgeon, assisted Dr. Denebrink in performing the operation, for which he made a charge of $25, and which claim was presented in the same manner to the board of commissioners and not paid, the other allegations being practically the same, except that this claim has been duly assigned to Dr. Denebrink, who brought the suit.

1. Section 1260, Revised Statutes, is as follows: "When any non-resident of this state, or any other person not coming within the definition of a pauper, shall fall sick in any county in this state, not having money or property to pay his board, nursing or medical attendance, the county commissioners, upon notice thereof, shall provide such assistance as they may deem necessary, by contract or otherwise; and if such person shall die, said commissioners shall cause to be given to such person decent burial. And said commissioners shall make such allowance for board, nursing, medical attendance and burial expenses as they may deem just and equitable; *Provided,* That claims for such services shall be presented and acted upon in the same manner as other claims against the county; *Provided, further,* That said commissioners may, in their discretion, contract with some suitable person or persons, for such services, in the case of all sick persons coming within the provisions of this section."

It is urged that no notice was given to the board of county commissioners and that the services were not per-

formed by the request of the board or of anyone having authority to bind the county. The board not being in session at the time of the accident, it is reasonable to presume that notice could not have been given to the board of the condition Perkins was in until long after the possibility of saving his life had passed. The case was one of emergency, so alleged in the petition and conceded by the demurrer, requiring prompt action, and Dr. Denebrink took charge of the patient for the purpose of amputating, and he and his assistant did amputate the arm, all of which was necessary to save the life of the injured man, and all of which was done with the knowledge and consent of one of the duly appointed agents of the county to oversee and provide for the poor and indigent of said county. It is urged in behalf of plaintiff in error that the agent was such for a restricted purpose and that his authority extended only to the poor and indigent residing within the county and that he had no authority to act or bind the county in cases coming under Section 1260, *supra*. Such, undoubtedly, is a correct interpretation of the statute; but the liability of the county arises in such cases by reason of the failure of the county to furnish a physician when the exigencies of the case require immediate surgical and medical treatment. The amputation was done in order to save the life of the injured man. The services were urgent, imperative, and admitted of no delay. The board was not in session and there was no opportunity to notify it or for it to take action until it reconvened. The provision in such cases that "the county commissioners upon notice shall provide such assistance as they may deem necessary" is purely one of regulation in view of the attending circumstances in each particular case and does not make one a volunteer merely who out of a spirit of humanity in an emergency case furnishes succor until the proper authorities can act in the premises. The liability and duty to care for the non-resident sick is statutory and exists by reason of their condition. The statutory notice serves as an aid to the county

in the proper performance of this duty in caring and providing for the person entitled thereto in pursuance of and in accordance with the statutes regulating such matters.     Such knowledge may come to the board in other ways, but that would not lessen its obligation or duty to perform its trust nor lessen the county's liability.     The notice contemplated is not for the purpose of fixing the liability of the county for necessary assistance rendered by third parties prior to its being given, but to enable the commissioners to render prompt assistance in deserving cases.     The very ground upon which the board is authorized to give assistance is that the person is sick and hasn't money or property to pay his board, nursing or medical attendance, and that fact being known to the person who comes to his relief, until the board can be notified so that it may provide for his wants, it must be assumed that the person furnishing the relief did so with the expectation of being re-imbursed by the county.     We must presume that within the terms of this section the provision authorizing assistance covers the time between his falling sick and a notice of his condition given as promptly as the circumstances of the case will permit.     The Legislature evidently intended this class of cases should be attended to, yet it has failed to point out the method of giving prompt assistance in an emergency case.     In such case the object, purpose and policy of the law is clear, and, although the statute is silent as to the method of giving speedy and needed relief, its object and purpose ought not for that reason to be defeated.     As was said by the Supreme Court of Minnesota in Robbins v. Town of Homer, 103 N. W., 1023, "It is true that the obligations to provide for the poor are statutory.     These, as we have indicated, are matters of regulation; but, when there can be no regulation from the very nature of the case, it must be that necessity will supersede the exercise of statutory authority, and immediate aid for the sick person should be furnished.     A deprivation of it might inure not only to injure the poor

person, but to the detriment of the public, for delay in the treatment of the injured party might entail added pecuniary burdens."

It is not alleged in the petition that the services were performed at the request of the defendant. As the board of county commissioners were not in session at the time, no such request could be made. The case falls within the exception that such request was necessary for contract liability. It was both the moral and legal obligation of the board to furnish a physician for the injured man, and upon its failure to do so Dr. Denebrink and his assistant performed the services which the exigencies of the case required to save a human life with the expectation of being reimbursed therefor. In such cases there is always a legal presumption of a promise to pay without any proof that such promise has been made or the services requested by the party sought to be charged. (15 A. & E. Ency. of Law (2d Ed.), 1081.) Upon the facts the case is different from Hamilton County v. Meyers (Neb.), 37 N. W., 623. In that case the action was for continuous medical treatment, and during the time the services were being rendered the physician gave no notice to the board of county commissioners, although the board was in session in the immediate vicinity of where the destitute person was sick, nor were the services performed by direction of the overseer of the poor. The statute in that case was different in that it made it the duty of the overseer to furnish relief to a non-resident falling sick and without means to care for himself. In Robbins v. Town of Homer (Minn.), *supra,* a case almost identical upon the facts, the question was upon the sufficiency of the complaint. That court said: "It is true that ordinarily there must be a request from a person authorized to make the same to constitute a basis for contract liability, but there are some exceptions to this rule, as where a person lies under a moral and legal obligation to do an act, and another does it for him, under such circumstances of urgent necessity that humanity and decency ad-

mit of no time for delay. Here the law will imply a promise to pay without proof that it has been made, when there was an expectation of reimbursement. (15 A. & E. Ency. of Law (2d Ed.), 1081.) A very familiar illustration of this rule is where a person furnishes the means for the burial of the dead, when no request comes from the person legally liable to perform the obligation. In such cases it has been held that the person furnishing the services may recover to the extent of the expenditures incurred. (Gould v. Moulahan, 53 N. J. Eq., 341; 33 Atl., 483; Bradshaw v. Beard, 12 C. B., 344; Ambrose v. Kerrison, 10 C. B., 776; Price, 3 Y. & J., 28; Patterson v. Patterson, 59 N. Y., 582; 17 Am. Rep., 384.)

"If Lessard, the poor person in this instance, had died and the supervisors had been absent, we have little doubt that a person providing for his burial would have a legal claim against the town; and, upon the same reasons, why not a physician whose ministrations in a pressing emergency seek to avoid what may result in his death? The supervisors, upon whom the duty to name the physician was imposed under legal as well as moral obligations, had not provided for the same, and we have no doubt that it should be held that the physician who immediately answered the call of emergency, perhaps to save life, or diminish the increase of expenditure against the public, would have a valid claim for compensation.

"Having reached the conclusion that it was the duty of the supervisors of the defendant town to provide a physician, it reasonably appearing that an emergency arose when it was impossible for them to do so, we hold that the conclusion follows that there was a legal duty on the part of the town to pay such reasonable claims for the services of plaintiff as he may be able to establish at least until the board of supervisors can be notified and appropriately act in the premises."

The opinion in that case meets the argument of the plaintiff in error so completely that it would seem un-

necessary to discuss this branch of the case any further. It was sufficient to allege the facts showing the immediate necessity for the services rendered and the impossibility of a precedent request or promise to pay. To hold that such request was necessary to maintain the action would, under the circumstances as shown in the petition, be inhuman and shocking to all sense of decency and render the statute less effective than it was evidently intended. Such request was in the nature of an impossible condition precedent and sufficiently appears by allegations in the petition. In principle the question is the same as in those cases upon contract where a condition precedent has not been performed and a valid excuse for such non-performance is alleged. (9 Cyc. Tit. Averment and Fulfilment of Conditions, 719; 4 Ency. P. & P., 629.)

2. It is urged that the petition fails to show the presentation of the account sued on to the defendant below. Section 7, Article 16, of the Constitution, provides that "no bills, claims, accounts or demands against * * * any county * * * shall be audited, allowed or paid until a full itemized statement in writing, verified by affidavit, shall be filed with the officer or officers whose duty it may be to audit the same." It is so provided by Section 1062, R. S. 1899. The county commissioners were the officers authorized to audit and allow the claim involved in this suit (Sec. 1142, R. S. 1899); and it was the duty of the county clerk to file the account, whether audited or not. (Sec. 1143, R. S. 1899.) It is provided by Section 1216, R. S. 1899, that: "All claims held by a person, or persons, company or corporation against a county, shall be presented for audit and allowance to the board of county commissioners of the proper county, as provided by law, before any action in any court shall be maintained thereon * * *." The last provision was construed by this court in Houtz v. Commissioners, 11 Wyo., 168, where it is said: "We do not perceive how it is possible to avoid the peremptory language of Section 1216 and to permit an action to be maintained

within its purview without positively disregarding the terms of the statute." It appears from the petition that each of the claims sued on was duly verified and filed with the county clerk, the one of Dr. Denebrink on February 8, 1905, and that of Dr. Miller on January 3, 1905, and presented to the defendant. It is further alleged in each court "that a copy of said claim is not attached hereto for the reason that the same is mislaid or lost." It thus appears that the original verified claims were in the possession of the defendant and the allegation must refer to the originals, for if they are where they should be copies of them could be very easily obtained. The pleader does not, however, rely on the short form of pleading· authorized by statute in an action upon an account. (Sec. 3560, R. S. 1899.) The attaching of a copy of the account as an exhibit would not, therefore, supply necessary allegations unless it was expressly made a part of the petition. The allegation in both counts is to the effect that the required surgical and medical attendance was rendered on November 28, 1904. No charge is made for anything but services, and those services were rendered on the same day. There. is no distinct item for medical attention, and giving the words a fair and reasonable construction, in view of the other allegations of the petition, such attention was co-existent in point of time connected with and necessarily required in the performance of the operation. There is no charge nor attempt to charge for medical services or attendance subsequent to that time. It could very properly be said to constitute but one item, for such an operation would carry with it the duty to do all that was necessary to successfully perform it. The demurrer admits that the account was duly verified, filed and presented to the board for allowance. From the allegations in the petition one item would be all that is necessary in such an account to satisfy the law requiring accounts against the county to be fully itemized. A fair and reasonable construction of the petition would, in the absence of any defense upon the merits, lead one to the conclusion that the

account must have been presented for allowance in accordance with the requirements of the statutes. It having been so presented, the right to maintain the action accrued to the plaintiff.

The demurrer was properly overruled, and the judgment will be affirmed.                                    *Affirmed.*

POTTER, C. J., and BEARD, J., concur.