2011 WY 36

Kenneth MADSEN, M.D., Petitioner,

v.

BOARD OF TRUSTEES OF MEMORI-
AL HOSPITAL OF SWEETWATER
COUNTY, Wyoming, Respondent.

No. S–10–0067.

Supreme Court of Wyoming.

March 1, 2011.

Representing Petitioner: Patrick J. Mur-
phy of Williams, Porter, Day & Neville, P.C.,
Casper, Wyoming.

Representing Respondent: Paul D. Schier-
er, M. Greg Weisz and Antonio E. Bendezu
of Pence and MacMillan, LLC, Laramie, Wy-
oming. Argument by Mr. Schierer.

Before KITE, C.J., and GOLDEN, HILL,
VOIGT, and BURKE, JJ.

come mere suggestions, as opposed to require-ments.

KITE, Chief Justice.

[¶ 1] After the Board of Trustees of Memorial Hospital of Sweetwater County, Wyoming (Hospital) filed a complaint against him, Kenneth Madsen, M.D. filed a counterclaim against the Hospital. On the Hospital's motion, the district court dismissed the counterclaim finding that it did not adequately allege compliance with the signature and certification requirements for notices of claim contained in the Wyoming Constitution. We reverse.

## ISSUES

[¶ 2] The issues for this Court's determination are:

1. Whether the allegation contained in Dr. Madsen's counterclaim complies with the Wyoming Constitution, Art. 16, § 7 and Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2009).

2. Whether the itemization of damages contained in Dr. Madsen's notice of claim is sufficient under Art. 16, § 7 and § 1–39–113.

## FACTS

[¶ 3] The facts underlying this dispute are not relevant to the issues presented for our determination. Suffice it to say, the Hospital and Dr. Madsen entered into an agreement in 2004. In 2007, Dr. Madsen left the Hospital and moved his practice to Cheyenne. He presented a Notice of Claim dated November 8, 2007, to the Hospital asserting it had breached the agreement and caused him damages.

[¶ 4] On December 10, 2007, the Hospital filed a complaint against Dr. Madsen in the district court claiming he had breached the agreement. Dr. Madsen answered the complaint and filed a counterclaim against the Hospital for breach of contract. The counterclaim contained the following allegation, which is the focus of one of the issues before us in this appeal:

43. Pursuant to Wyo. Stat. Ann. § 1–39–113 as well as Article 16, § 7 of the Wyoming Constitution, Dr. Madsen's *Notice of Claims* was delivered to ... [the Hospital]'s chief financial officer, on or about November 9, 2005. A copy of that notice is attached as *Exhibit A.*

[¶ 5] Exhibit A attached to the answer is captioned "Notice of Claim Pursuant to Wyo. Stat. Ann. § 1–39–113." The opening sentence states in relevant part: "... this letter serves as Dr. Madsen's NOTICE OF CLAIMS pursuant to Wyo. Stat. Ann. § 1–39–113 as well as Article 16, § 7 of the Wyoming Constitution." In addition to detailing the facts underlying Dr. Madsen's claim against the Hospital, the notice of claim set forth the following itemized statement of the relief sought:

| | |
|---|---|
| Direct contractual damages | $450,000 |
| Consequential damages | $175,000 |
| Lost income | $120,000 |
| Relocation | $ 15,000 |
| TOTAL | $750,000 |

The notice of claim was certified under penalty of perjury by Dr. Madsen.

[¶ 6] The Hospital filed a reply to the counterclaim in which it asserted as an affirmative defense that Dr. Madsen had failed to comply with the Wyoming Governmental Claims Act (WGCA) and Wyoming Constitution. On that basis the Hospital also filed a motion to dismiss, asserting specifically that the district court lacked subject matter jurisdiction because Dr. Madsen had not alleged in his complaint that his notice of claim complied with the constitution. The Hospital also contended the notice of claim did not contain a sufficiently detailed itemized statement of damages as required by the constitution.

[¶ 7] Following a hearing, the district court granted the motion, concluding that Dr. Madsen failed to adequately allege in his complaint that he had complied with the constitutional signature and certification requirements. While acknowledging that the allegation contained in Dr. Madsen's complaint was different from the allegations considered in other governmental claims cases in that it referenced both § 1–39–113 and Article 16, § 7, the district court concluded from language in *Gose v. City of Douglas,* 2008 WY 126, ¶ 18, 193 P.3d 1159, 1164 (Wyo. 2008), that the complaint must specifically allege compliance with the constitutional sig-

nature and certification requirements. Addressing the itemization of damages in the notice of claim, the district court concluded it did not contain the degree of detail the constitution requires. On these grounds, the district court dismissed Dr. Madsen's counterclaim against the Hospital.

[¶ 8] The district court scheduled the Hospital's claim against Dr. Madsen for trial. However, Dr. Madsen filed a petition for writ of review in this Court. He also filed a motion in district court for continuance of the trial until this Court ruled on his petition. The district court stayed the trial pending resolution of the petition in this Court. We granted Dr. Madsen's petition for review.

## STANDARD OF REVIEW

[¶ 9] The district court ruled as a matter of law that Dr. Madsen's complaint must be dismissed for lack of subject matter jurisdiction. The existence of subject matter jurisdiction is a question of law that we review de novo. Cantrell v. Sweetwater County School Dist. No. 2, 2006 WY 57, ¶ 6, 133 P.3d 983, 985 (Wyo.2006).

## DISCUSSION

[¶ 10] In dismissing Dr. Madsen's counterclaim, the district court concluded in part that he did not adequately allege compliance with the statutory and constitutional requirements for presenting a notice of claim to a governmental entity. We conclude the allegation was sufficient under our prior case law and hold that the district court erred in dismissing the counterclaim based upon the conclusion that the allegation was insufficient. For the reasons stated in Brown v. City of Casper, 2011 WY 35, 248 P.3d 1136 (Wyo.2011), we also hold that the district court had subject matter jurisdiction of Dr. Madsen's claims upon the filing of the counterclaim alleging claims against a governmental entity.

[¶ 11] In its order, citing Gose, 2008 WY 126, 193 P.3d 1159; McCann v. City of Cody, 2009 WY 86, 210 P.3d 1078 (Wyo.2009); and Motley v. Platte County, 2009 WY 147, 220 P.3d 518 (Wyo.2009), the district court concluded: "precedent is clear that a party must allege compliance with the constitutional signature and certification requirements." Because Dr. Madsen did not allege in his counterclaim that his notice of claim complied "with the constitutional signature and certification requirements," but alleged only that he presented a notice of claim "pursuant to ... § 1–39–113 as well as Article 16, § 7," the district court concluded he had not complied with case precedent. In reaching this conclusion, the district court acknowledged that none of this Court's previous decisions involved an allegation like that contained in Dr. Madsen's counterclaim.

[¶ 12] The district court was correct that our previous decisions did not address allegations like those contained in Dr. Madsen's counterclaim. In Gose, ¶ 18, 193 P.3d at 1164, this Court considered the sufficiency of a complaint that alleged compliance with § 1–39–113 but made no reference to the constitutional requirements. In McCann, ¶ 3, 210 P.3d at 1079, the allegation in the complaint referenced neither the statute nor the constitution. In Motley, ¶ 3, 220 P.3d at 519, only the statute was referenced in the complaint. In contrast to those cases, Dr. Madsen alleged that he presented a notice of claim "pursuant to § 1–39–113 and Art. 16, § 7." We conclude the allegation was sufficient even under the cases cited by the district court.

[¶ 13] Also in reliance on this Court's recent decisions in governmental claims cases, the district court concluded that because the allegation was insufficient it had no choice but to find that it lacked subject matter jurisdiction. For the reasons set forth in Brown v. City of Casper, 2011 WY 35, 248 P.3d at 1147, we hold that the district court obtained subject matter jurisdiction of Dr. Madsen's claim upon the filing of the counterclaim alleging a claim against the Hospital. To avoid dismissal of his counterclaim, it was incumbent upon Dr. Madsen to show that he had satisfied the condition precedent to maintaining an action against the Hospital. That is, he had to show that within two years of the conduct giving rise to his claim he presented to the Hospital an itemized statement in writing certified under penalty of perjury. Dr. Madsen met that show-

ing by alleging in his complaint that he had presented a notice of claim pursuant to § 1–39–113 and Art. 16, § 7 of the Wyoming Constitution and by attaching the notice of claim he had presented to the Hospital which satisfied the requirements of those provisions.

[¶ 14]   In dismissing the counterclaim, the district court also concluded the notice of claim did not comply with Wyoming Constitution Art. 16, § 7 in that it did not contain a sufficiently detailed itemization of Dr. Madsen's losses.   Art. 16, § 7 requires in relevant part that a claimant must present "a full itemized statement in writing . . . ." to the officer charged with auditing the same.   In its order, the district court stated:

> [A] claim which *categorizes* the claimant's losses does not provide the degree of detailed *itemization* required by the Constitution.   This Court believes the purpose of a full itemization is to give the person receiving and reviewing the claim enough information to investigate the claim and then make a decision as to whether to grant the claim.   Secondly, if the person reviewing the claim had paid the claim, this Court doubts any citizen reviewing the payment of the claim would be provided enough information on which to determine whether the claim was properly paid.   Admittedly, this analysis seems to be novel as there was no precedent discovered which would support the Court's findings.

(emphasis in original).

[¶ 15]   In *Houtz v. Board of Comm'rs of Uinta County*, 11 Wyo. 152, 168, 70 P. 840, 842 (Wyo.1902), this Court said in essence that the purposes of requiring a full itemized statement were twofold: to give governmental entities the information they need to intelligently consider claims made against them and to provide taxpayers a means of assessing governmental expenditures.   In *Hochalter v. City of Gillette*, 2005 WY 125, ¶ 21, 120 P.3d 674, 680 (Wyo.2005), we said the primary purpose of the requirement was to provide governmental entities with notice to assist them in budgeting and financial decision making.

[¶ 16]   With the purposes of the full itemization requirement in mind, the Court in *Board of Comm'rs of Sheridan County v. Denebrink*, 15 Wyo. 342, 89 P. 7 (Wyo.1907), considered itemizations contained in two physicians' notices of claim to the board of county commissioners.   The physicians sought to be paid for medical services they rendered on the county's behalf to an indigent person.   In their notices of claim, the physicians itemized the relief sought as $50 and $25 respectively.   This Court found that the itemizations were all that was "necessary . . . to satisfy the law requiring accounts against the county to be fully itemized," even though the physicians each presented only the total cost of their services without itemizing the individual services comprising the total.   *Id.*, 15 Wyo. at 352, 89 P. at 10.

[¶ 17]   In *City of Gillette v. Hladky Constr., Inc.*, 2008 WY 134, ¶ 23, 196 P.3d 184, 195 (Wyo.2008), a construction contract case, we were asked to consider whether a notice of claim complied with § 1–39–113, which, like Art. 16, § 7, requires an itemized statement in writing.   Section 1–39–113 provides:

> (b) The claim shall state:
>
> (i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;
>
> (ii) The name, address and residence of the claimant and his representative or attorney, if any;   and
>
> (iii) The amount of compensation or other relief demanded.

[¶ 18]   The City contended the itemization only generically described the conduct giving rise to the claim and the resulting damages.   *Hladky*, ¶ 22, 196 P.3d at 194.   With respect to the damages sought, the notice of claim identified them simply as the difference between the claimant's bid price and the actual cost incurred in completing the contract.   *Id.*, ¶ 25, 196 P.3d at 195.   An attached exhibit set forth the total damages as $1,300,016.57 and separated that total into five categories, two of which were further broken down into subcategories.   We concluded the notice of claim clearly set forth the damages the claimant alleged resulted

from the City's conduct and fully complied with § 1–39–113. *Id.*, ¶ 26, 196 P.3d at 195.

[¶ 19]  As shown in paragraph 5 above, Dr. Madsen's notice of claim alleged total damages in the amount of $750,000 and separated that total into four categories: direct contractual damages, consequential damages, lost income and relocation.  Like the itemization of damages in *Hladky,* we conclude Dr. Madsen's itemization met the requirements of § 1–39–113(b)(iii).  We further conclude it constituted a "full itemized statement in writing" sufficient to apprise the Hospital as to the nature and extent of the damages claimed as contemplated by Art. 16, § 7.

## CONCLUSION

[¶ 20]  The notice of claim presented in this case sufficiently alleged compliance with the statutory and constitutional requirements for notices of governmental claims.  The district court had subject matter jurisdiction upon the filing of the counterclaim alleging a claim against a governmental entity.  The itemization of damages in the notice of claim satisfied the constitutional requirements.

[¶ 21]  Reversed and remanded.

VOIGT, J., files an opinion concurring in part and dissenting in part.

VOIGT, Justice, concurring in part and dissenting in part.

[¶ 22]  I agree with the majority that Madsen's counterclaim, which alleged "delivery" of the notice of claim pursuant to both Wyo. Stat. Ann. § 1–39–113 and article 16, section 7 of the Wyoming Constitution, coupled with attachment of the notice of claim, showing such compliance, was sufficient to give the district court subject matter jurisdiction over the counterclaim under our existing precedent.  I do not agree with the majority's suggestion, in citing *Brown v. City of Casper,* 2011 WY 35, 248 P.3d 1136 (Wyo. 2011), that the mere filing of a complaint or counterclaim alleging a claim against a governmental entity gives the district court sub-

ject matter jurisdiction over that claim.  *Id.* at ¶ 58, at 1150 (Voigt, J., dissenting).